CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLANTS, *v.* ONE EUCLID CO. ET AL., APPELLEES.

(No. 68-127—Decided December 4, 1968.)

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. Thomas P. Cyrus* and *Mr. Adam P. Angelas,* for appellants.

*Messrs. Ford, Clarke, Howland, Whitney & Haase, Mr. John J. Whitney* and *Mr. William A. Hancock,* for appellees.

Brown, J. In *State, ex rel. Park Investment Co.,* v. *Board of Tax Appeals, supra,* the aggregate value of a number of residence properties in Cuyahoga County, as indicated by selected actual sales and the aggregate value of a similar sampling of parcels of commercial property also as indicated by selected actual sales, were compared with the tax valuation of these identical parcels in order to demonstrate mathematically that commercial property was being valued for tax purposes at a higher percentage of its true value in money than was residential property.

*Park* recognized that, for the purpose of that case, the prices paid in arms-length sales clearly demonstrated that the constitutionally required uniformity of tax valuation was not being accomplished. *Park* recognized also that it was the duty of the Board of Tax Appeals, upon review, to correct this inequity. Judge Matthias, in *Park,* declared that in arriving at the value of an individual parcel of real estate the price paid in an arms-length sale between a willing seller and a willing buyer is usually the best evidence of market value. With this we agree. We hasten to add that the aggregate sale prices of a number of real estate parcels more certainly equate with market value than does the individual sales price with individual market value.

Counsel for the appellees agree that in assessing the valuation of a parcel of property, all available credible evidence must be considered. They agree also that the price shown to have been paid in a sale, which is apparently an arms-length transaction, may be shown by other credible evidence to be less or more than its actual market value.

In spite of the language quoted from the entry of the board, the record in this case reveals that the board did, in fact, show a real regard for the evidence introduced by the appellants in arriving at its valuation and did not limit its inquiry to the value based upon the sale price of the fractional leasehold interest.

Appellants argue that we should proscribe the use of testimony concerning the sale price of a fractional leasehold interest as bearing upon the value of the entire leasehold interest. Such evidence is competent and, when considered with and tested by all other credible evidence of value, may be most persuasive.

The decision of the Board of Tax Appeals is neither unlawful nor unreasonable, and is, therefore, affirmed.

*Decision affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, DOYLE and SCHNEIDER, JJ., concur.

DOYLE, J., of the Ninth Appellate District, sitting for HERBERT, J.